UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRYAN J. SMITH,**

    **Plaintiff,**

v().                                      Case No.: 8:21-cv-2906-TPB-AAS

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

The Commissioner of Social Security (Commissioner) moves to remand this case without rehearing for further action under sentence four of 42 U.S.C. § 405(g). (Doc. 15). Mr. Smith does not oppose the Commissioner's request for remand but does oppose the Commissioner's request that this court not order a rehearing before an ALJ upon remand. (Doc. 16).

The Commissioner requests remand with entry of judgment for these reasons:

> On remand, the Appeals Council will instruct the ALJ to re-evaluate whether there are jobs available to Claimant in the national economy, addressing and resolving any inconsistencies between the residual functional capacity limitations and the requirements of the jobs identified; and to update the record and issue a new decision.

(Doc. 15, p. 1). The Commissioner argues this court should not require a

1

rehearing before an ALJ on remand "because this is a Title II case with a remote date last insured (DLI), and [Mr. Smith] testified about his impairments as of his DLI." (Doc. 15, p. 2). The Commissioner cites controlling Eleventh Circuit precedent to support the contention that the Appeals Council, not the court, holds the discretion to determine whether a rehearing is necessary on remand in this matter. (*Id*. at 2–4). Further, the Commissioner contends Mr. Smith was last insured March 31, 2019, prior to both his April 8, 2020 hearing before the ALJ and the ALJ's August 3, 2020 decision finding Mr. Smith not disabled under the Social Security Act. (*Id*.). The Commissioner argues this constitutes a "remote date last insured (DLI)" and contends "in cases that are remanded to the agency and that have a remote DLI, the ALJ is given discretion to determine whether a hearing is warranted." (*Id*. at 4).

"There are very few cases nationwide addressing contested motions to remand in social security cases." *Waggoner v. Kijakazi*, No. 4:21-cv-3220-TER, 2022 WL 1423325, at *2 (D. S.C. May 5, 2022). Thus, case law addressing a district court's capacity to order a new hearing on remand in Social Security disputes is scant. That said, the Eleventh Circuit precedent and SSA regulations the Commissioner cites should not bar the court from ordering a rehearing on remand.

Section 405(g) of Title 42 details the scope of judicial review for ALJ decisions. The fourth and sixth sentences of § 405(g) describe the two methods

2

of remand available to claimants in appealing their Social Security benefits denials to a federal district court. "A sentence four remand is appropriate when the claimant submitted new evidence to the Appeals Council, which the Appeals Council did not adequately consider in denying the claimant's request for review," whereas "a sentence six remand is appropriate only when the claimant submits evidence for the first time to the district court that might have changed the outcome of the administrative proceeding." *Timmons v. Comm'r of Soc. Sec.*, 522 Fed. App'x. 897, 902 (11th Cir. 2013).

The Commissioner cites to the Eleventh Circuit's decision in *Ingram v. Comm'r of Sec. Sec. Admin* for the proposition that "[w]hen a court remands to the Commissioner, under section 405(g), the remanded case returns to the Appeals Council, which may, in its discretion, then remand the case to the administrative law judge." *Ingram v. Comm'r of Sec. Sec. Admin*, 496 F.3d 1253, 1269 (11th Cir. 2007) (*citing* 20 C.F.R. § 404.983). However, this quote is taken from a portion of *Ingram* discussing inconsistencies in Eleventh Circuit cases regarding "sentence six" remands of ALJ decisions in Social Security cases. *See Ingram*, 496 F. 3d at 1268–1269 ("Our discussion in [*Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214 (11th Cir. 2001)] of sentence six is inconsistent with our earlier precedents").

The Commissioner, by contrast, "moves this Court to remand under sentence four of 42 U.S.C. § 405(g)." (Doc. 16, p. 1). Sentence four of § 405(g)

3

explicitly states "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence four remands thus grant courts "wide discretion to dispose of matters" with or without rehearing. *Boredlon v. Barnhart*, 161 Fed. App'x. 348 (5th Cir. 2005). *See also Schoonmaker v. Comm'r of Soc. Sec.*, No. 2:17-cv-444-JES-CM, 2018 WL 3687985, at *2, *adopted in full*, 2018 WL 3657569, at *1 (M.D. Fla. July 16, 2018) ("the Court recommends exercising its discretion upon [sentence four] remand and directing the ALJ to provide [the claimant] with an opportunity for a hearing"). In *Treichler v. Comm'r of Soc. Sec. Admin.*, the Ninth Circuit explained that this discretion to order a rehearing in a sentence four remand is meant to provide an exemption to the general practice of ordering a hearing on remand, and that this exemption is normally used for instances where an immediate award of benefits is apt because "no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (*citing Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)). Thus, the text of Section 405(g) grants the court the authority and discretion to order a new hearing on remand.

The Commissioner also cites to multiple regulations discussing the

Appeals Council's capacity to "determine whether a hearing is appropriate" on remand. (Doc. 16, pp. 2–4). In particular, the Commissioner argues that because Mr. Smith's insurance expired prior to his filing for disability benefits, the Social Security Administrations Hearings, Appeals, and Litigation Law Manual (HALLEX) preclude the ALJ from automatically conducting a rehearing "unless the [ALJ] finds that the facts warrant it." (*Id*. at 4) (*citing* HALLEX II-5-1-3).

    The Commissioner is correct insofar as Social Security regulations "make clear that cases remanded by federal courts return first to the Appeals Council, and that, *absent a federal district court order specifying otherwise*, the Appeals Council retains the discretion to decide which further administrative proceedings will best comply with the remand order." *Best v. Kijakazi*, 2022 WL 172872, at *2 (M.D. N.C. Jan. 19, 2022) (emphasis added). However, "the precedential value of HALLEX policies," which are merely internal Social Security guidelines, is at best questionable. *Diane B. v. Comm'r of Soc. Sec.*, No. 2:18-cv-1-JMC, 2018 WL 5024171, at *5 (D. Ver. Oct. 16, 2018). *See also Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) ("HALLEX is a purely internal manual and as such has no legal force and is not binding"); *Carroll v. Soc. Sec. Admin. Comm'r*, 453 Fed. App'x 889, 892 (11th Cir. 2011) ("HALLEX is an agency handbook for the SSA not mentioned in § 405(g), so it cannot serve as the basis to remand [the claimant's] case"); *Mitchell v. Saul*, No. 8:18-cv-1587-

5

CPT, 2019 WL 13066869, at *4 (M.D. Fla. July 18, 2019) ("HALLEX does not create judicially enforceable rights").

Further, Section 405(g) nonetheless grants courts "the authority to limit the scope of remand to the Commissioner by specifying the actions to be, and not to be, taken by the ALJ." *Shaff v. Comm'r of Soc. Sec.*, Case No. 6:15-cv-1350-TBS, 2016 WL 1714524, at *2 (M.D. Fla. Apr. 29, 2016). Thus, the relevant question is whether Mr. Smith "has made a sufficient showing for this court to *require* the Appeals Council to remand this matter to an ALJ for a rehearing." *Best*, 2022 WL 172872, at *2 (emphasis added).

This report concludes rehearing is necessary in this matter. The Commissioner's motion for remand states the Commissioner intends to direct the Appeals Council on remand to "instruct the ALJ to re-evaluate whether there are jobs available to [Mr. Smith] in the national economy, addressing and resolving any inconsistencies between the residual functional capacity limitations and the requirements of the jobs identified." (Doc. 15, p. 1). These instructions will necessarily elicit further testimony from the vocational examiner (VE) on what jobs Mr. Smith is capable of performing that exist in the national economy. This testimony warrants a rehearing on remand. *See Springer v. Comm'r of Soc. Sec.*, 451 F. Supp. 3d 744, 768 (E.D. Mich. 2020) (concluding "a remand for rehearing is necessary here for the limited purpose of conducting another Step Five Analysis").

6

Accordingly, the undersigned **RECOMMENDS** the Commissioner's motion to remand (Doc. 15) be **GRANTED in part**. This matter should be remanded with instructions to conduct a rehearing for the limited purpose of reevaluating whether there are jobs available to Mr. Smith in the national economy, and in doing so addressing and resolving any inconsistencies between the residual functional capacity limitations and the requirements of the jobs identified.

**ENTERED** in Tampa, Florida on June 29, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.